No. 24,836.

## H. H. IMMELL, *Appellee,* v. SUSAN H. SEAVERNS, *Appellant* (et al., *Defendants*).

### SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER—*Sale of Land—Executory Contract—Partial Payments—Forfeiture of Payments in Case of Default*. It is not inequitable to forfeit the rights of one who purchases real property of which he is in possession under a lease, pays a substantial part of the purchase price, and retains possession of the property under a contract which provides for the forfeiture of all the purchaser's rights thereunder if further payments for the property are not promptly made, where, in an action by the vendor to recover possession of the property, the purchaser sets up a claim of adverse possession for more than fifteen years and does not offer to pay the remainder of the purchase price.

2. SAME—*Possession of Land Taken Under an Executory Contract of Purchase Not Adverse to Vendor*. The possession of real property under an executory contract of purchase is in subordination and not adverse to the rights of the vendor or those holding under him.

Appeal from Greeley district court; ROSCOE H. WILSON, judge. Opinion filed November 8, 1924. Affirmed.

*R. C. Postlethwaite,* of Mankato, and *W. M. Glenn,* of Tribune, for the appellant.

*Clement L. Wilson,* of Tribune, and *Guy L. Hursh,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover the possession of real property, to recover rents for wrongfully withholding the real property, and to recover damages. Judgment was rendered against Susan H. Seaverns in favor of the plaintiff for the recovery of the real property and for rent for its use. Susan H. Seaverns appeals.

On August 1, 1905, Susan H. Seaverns contracted with the Marysville Land Company for the purchase of the real property in controversy, and in part payment then conveyed to defendant E. R. Fulton other real property valued at $1,600, and agreed to pay the remainder of the purchase price, $1,790.70, in five equal annual installments of $358.14 each, together with interest at the rate of six per cent, and agreed to pay all taxes assessed against the land. The contract, which was in writing, made time the es-

Immell v. Seaverns *et al.*

sence thereof and provided that if payments were not promptly made the contract and all rights thereunder acquired by the purchaser should be forfeited. The first installment with the interest was not paid when due, but was paid in the fall of the following year, 1907. No other payment has been made under the contract. Susan H. Seaverns paid taxes on the land amounting to $283.36. The Marysville Land Company paid other taxes amounting to $290.22. Years afterward, in 1917 and later, in efforts to obtain payment of the balance of the purchase price, different members of the Marysville Land Company had correspondence and negotiations with Susan H. Seaverns. In those efforts she attempted to obtain a settlement by paying $2,000, which the Marysville Land Company declined to accept, there being much more than that amount due at that time.

The petition alleged that the Marysville Land Company was a partnership composed of defendants E. R. Fulton, F. G. Powell, and other persons whose names were unknown to the plaintiff. From the evidence it appeared that E. R. Fulton was interested in the Marysville Land Company; that at the time the contract for the sale of the land was made, E. R. Fulton held the legal, recorded title thereto; that Susan H. Seaverns, as lessee, was in possession of the land at the time she contracted to purchase it and remained continuously in possession thereafter; that some of the correspondence and negotiations between those representing the Marysville Land Company and Susan H. Seaverns were had between E. R. Fulton and Susan H. Seaverns; and that the plaintiff derived his title through W. E. Ward by a deed executed by E. R. Fulton and wife.

The answer of Susan H. Seaverns to the petition consisted of a general denial, but admitted that she was in possession of the land. The court, at the conclusion of the evidence, instructed the jury to find for the plaintiff. By stipulation it had been agreed that if the plaintiff recovered possession of the land he should have judgment for $97.60. Judgment was rendered for the plaintiff for that amount.

1. Susan H. Seaverns argues that it would be inequitable to permit a forfeiture of her rights to the land under the contract, because she has paid more than $2,000 under the contract. More than fourteen years intervened between the last payment under the contract and the commencement of this action on March 14, 1921. After

more. than ten years from the making of the contract, she desired a settlement by making a payment of $2,000, which was much less than the amount due at that time, including interest and taxes. Since 1907 she has not attempted to comply with the terms of her contract. She did not tender into court the amount due under the contract and does not now say she will pay it. If she desires to retain the land she should comply with her contract. Instead of offering to pay what is due under the contract, she claims that she has possession of the land adverse to the plaintiff, and that the plaintiff cannot maintain this action because it is barred by the fifteen-year statute of limitations. She thus attempts to repudiate her contract and hold adversely to it. If she had so desired she might have been permitted to comply with her contract and keep the land, but she has attempted to repudiate the contract and hold the land. She thus compels a forfeiture of her rights under the contract.

2. Susan H. Seaverns urges that her possession of the land is adverse to E. R. Fulton and the plaintiff; that at the time of the commencement of the action she had been in such adverse possession for more than fifteen years, and that the action was for that reason barred by the statute of limitations. Can she set up a claim of possession adverse to that of the plaintiff, who holds under E. R. Fulton, subordinate, however, to her rights, if her rights have not been forfeited?

In 1 A. L. R. 1329 is a note on "Adverse possession as against vendor by one who enters under executory contract." In that note is found the following:

"The vendee under an executory contract of sale enters into possession under, and without hostility to, his vendor. Hostility being one of the elements necessary to adverse possession, it follows that the vendee's possession is not adverse. Accordingly, it is the general rule—which, however, as subsequently shown, frequently yields when additional circumstances appear—that the possession taken by a vendee under an executory written contract for the purchase of land is not adverse as to his vendor."

See, also, 1 R. C. L. 750; 2 C. J. 151; 1 Warvelle on Vendors, 2d ed., 231; 2 Tiffany on Real Property, 2d ed., 2010; 3 Washburn on Real Property, 6th ed., § 1908.

The judgment is affirmed.