No. 25,753.

DELLA STEELE, *Appellant*, v. R. M. BURROWS (NANNIE BAKER), *Appellee.*

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER—*Default in Payments—Liquidated Damages—Accounting.* Proceedings in an action for an accounting and to compel the execution of a deed considered, and held to present no substantial error.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed March 7, 1925. Affirmed.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellant.

*W. L. Cunningham,* and *D. Arthur Walker,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for an accounting and to compel the execution of a deed in accordance with the terms of a contract to convey real estate. The court ascertained the amount due on the contract and ordered execution of the deed on payment of the amount. The plaintiff appeals.

The contract provided for the conveyance of certain lots in Arkansas City for a consideration of $1,775; $600 was paid in cash; the balance was to be paid in installments of $25 per month, together with interest on the deferred payments, at the rate of 8 per cent per annum. The purchaser agreed to pay the taxes and to maintain insurance in the amount of $1,000. The contract provided that, upon the failure of the purchaser to make payments or perform the covenants specified, the contract should be forfeited and the seller should retain the payments made in liquidation of his damages.

The contract, terms and times of payment were admitted by the parties, as was the amount paid on the contract.

The court found that the plaintiff and her predecessors in interest had been in default since the 15th of September, 1921, and that the defendants were entitled to a judgment foreclosing the contract and forfeiting all of the plaintiff's interest in and to the property; that there was due on the 14th of February, 1924 (the date of the trial) the sum of $899.80; that the last installments under the terms of the contract was due February 15, 1924. The court gave the plaintiff an extension of sixty days, or until April 15, 1924, in which to make payment of the amount due.

"The court further finds that in the event the plaintiff makes said payments as herein provided on or before the 15th day of April, 1924, that the defendants shall make, or cause to be made, to the plaintiff a good and sufficient warranty deed, conveying said property to the plaintiff, and shall at the same time furnish her an abstract showing a good and merchantable title to said premises except as to liens or encumbrances created by the plaintiff, and excepting taxes due and unpaid since the 15th day of March, 1920."

The plaintiff contends that the court erred in refusing to give the plaintiff eighteen months in which to redeem or pay the balance due for the property. The contention is not sound. The contract was the ordinary real-estate contract providing for monthly payments. Time was made of the essence of the contract. The purchaser had already been three years in default. In her petition she alleged that she "is now ready and willing to bring the amount due the said defendant . . . into this court and deposit the same after the court has ascertained the amount due. . . . Wherefore, this plaintiff demands judgment that the court make an accounting between the plaintiff and defendant; that the court determine the amount due, and direct the defendant to make a warranty deed to this plaintiff for said premises, this plaintiff being able and willing to pay said amount at any time after the court determines the amount," etc.

It may be noted that the court did not declare a forfeiture, but gave the plaintiff an extension of time in which to pay the back installments, all of which were past due except one. It would not have been equitable to the defendant to permit the purchaser to occupy the property another eighteen months without payments—one who had already been in default for small monthly payments upwards of three years. The property was purchased on March 15, 1920; $1,025 had been paid on the contract. The court gave the plaintiff until April 15, 1924, in which to pay the balance.

Under all the circumstances the plaintiff had no cause to complain. (See *Immell v. Seaverns,* 117 Kan. 12, 230 Pac. 69.)

Other complaints that the court should have considered an alleged settlement between the parties, that the plaintiff should have been given credit for costs in a former action, and that the court erred in its computation of the amount due, are without merit.

The judgment is affirmed.